IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

**KIBAKA LANDU**,

    Plaintiff,

vs.

**GOD'S VIP SENIOR HAVEN, LTD**,
**VIP CARE PAVILLION, LLC**,
**VIP SENIOR LIVING LLC,** and
**MACKENZIE KELLER**, individually,

    Defendants.

_____/

## COMPLAINT

**KIBAKA LANDU** ("Plaintiff"), by and through the undersigned counsel, hereby sues **GOD'S VIP SENIOR HAVEN, LTD** (hereinafter "God's VIP"), **VIP CARE PAVILLION, LLC** (hereinafter "VIP Care"), **VIP SENIOR LIVING, LLC** ("Vip Senior Living"), and **MACKENZIE KELLER** (hereinafter "Keller"), individually, (collectively "Defendants") and alleges as follows:

### INTRODUCTION

1. This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks damages within this Court's jurisdiction, reasonable attorneys' fees and costs pursuant to the FLSA, and all other remedies allowable by law.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff was formerly employed by Defendants and performed work for Defendants in Broward County, Florida.

4. God's VIP is, and was, a Florida company conducting business in Broward County, Florida during the relevant period, October 1, 2019 through January 31, 2020.

5. VIP Care is, and was, a Florida company conducting business in Broward County, Florida during the relevant period, October 1, 2019 through January 31, 2020.

6. VIP Senior Living is, and was, a Florida company conducting business in Broward County, Florida during the relevant period, October 1, 2019 through January 31, 2020.

7. God's VIP, VIP Care, and VIP Senior Living are Plaintiff's employers, joint employers, or co-employers for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during some or all of the relevant period.

8. During the relevant period, Keller was the operator of the company, God's VIP and VIP Care exercised control over the terms and conditions, including wages and work hours, of Plaintiff's employment.

9. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

2 | Page

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## GENERAL ALLEGATIONS

A. **Defendants' Business and Interstate Commerce**

10. The primary purpose of God's VIP is to operate an Assisted Living Facility.

11. The primary purpose of VIP Care is to be the co-operator/co-owner of the Assisted Living Facility that God's VIP regularly manages.

12. The primary purpose of VIP Senior Living is to be the co-operator/co-owner of the Assisted Living Facility that God's VIP regularly manages.

13. Under information and belief, Plaintiff alleges that God's VIP's gross annual revenue exceeded $500,000.00 during 2019 and is expected to exceed $500,000.00 during 2020.

14. Under information and belief, Plaintiff alleges that VIP Care's gross annual revenue exceeded $500,000.00 during 2019 and is expected to exceed $500,000.00 during 2020.

15. Under information and belief, Plaintiff alleges that VIP Senior Living's gross annual revenue exceeded $500,000.00 during 2019 and is expected to exceed $500,000.00 during 2020.

16. God's VIP customarily and regularly sold goods and services across state lines.

17. VIP Care customarily and regularly sold goods and services across state lines.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

18. VIP Senior Living customarily and regularly sold goods and services across state lines.

19. At all relevant times, God's VIP employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

20. At all relevant times, VIP Care employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

21. At all relevant times, VIP Senior Living employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

22. Upon information and belief, God's VIP obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

23. Upon information and belief, VIP Care obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

24. Upon information and belief, VIP Senior Living obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

25. God's VIP, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

26. VIP Care, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

27. VIP Senior Living, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

28. God's VIP is an employer engaged in interstate commerce and subject to the FLSA.

29. VIP Care is an employer engaged in interstate commerce and subject to the FLSA.

30. VIP Senior Living is an employer engaged in interstate commerce and subject to the FLSA.

31. Moreover, the FLSA specifically states that businesses "…engaged in the operation of…an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution…" will be a covered entity subject to the federal statute's wage & hour provisions, including overtime pay requirements. *See* 29 U.S.C. § 203(s)(1)(B). As such, Defendants are covered businesses for purposes of the FLSA.

**B. Defendants' Employment and Failure to Properly Pay Plaintiff**

32. Plaintiff's work began twenty years ago.

33. During her employment, Plaintiff worked in a non-exempt capacity as a medical technician/caregiver for residents at Defendants' assisted living facility.

34. The relevant time period for this matter is from October 1, 2019 through January 31, 2020.

35. Plaintiff, at all material times, was paid an hourly rate. During the relevant time period for this matter, Plaintiff's hourly rate was $10.50.

6 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

36. Plaintiff worked without issue as to her hours and pay until the business was sold to Defendants during October of 2019.

37. After that sale, Plaintiff began working at Defendants' two locations (Davie and Margate, Florida) since the facilities ran the same type of operation and were under the same ownership.

38. Starting in October of 2019, Plaintiff noticed her wages did not reflect the actual hours she worked. Specifically, Defendants would pay Plaintiff *some* of her overtime hours at only her straight/regular rate of pay ($10.50) and completely fail to pay Plaintiff any wages for the balance of her overtime work.

39. Since October of 2019, Plaintiff began keeping notes of her actual work hours. The contrast is startling when compared to what Defendants actually paid Plaintiff.

40. Throughout the relevant time period, Plaintiff worked from forty-eight (48) hours per week to as much as eighty (80) or ninety (90) hours per week depending on the needs of the facility and scheduling.

41. Defendants willfully and intentionally failed to properly record Plaintiff's work hours and provide her with a proper overtime premium for each overtime hour worked.

42. Making matters worse, Plaintiff investigated her wage shortages and uncovered that Keller not only had the ability to review and change work hours for employees but *actually* did go into the system to alter Plaintiff's work hours.

7 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

43. Defendants were responsible for recording Plaintiff's work hours, paying Plaintiff's wages, and ensuring compliance with the FLSA's requirement to calculate and tender overtime wages.

44. Defendants were Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

45. Defendants intentionally refused to pay Plaintiff overtime wages she was owed under the FLSA.

## C. Keller's Employment of, and Failure to Properly Pay, Plaintiff

46. During the relevant period, MacKenzie Keller was Plaintiff's manager/supervisor and general co-operator of the facilities.

47. During Plaintiff's employment, Keller acted as Plaintiff's supervisor, provided Plaintiff with her work duties, gave feedback on the work Plaintiff performed for Defendants, disciplined Plaintiff, and was responsible for recording, calculating, and paying Plaintiff's work hours.

48. During the second week of February of 2020, Keller terminated Plaintiff.

49. Keller intentionally refused to pay Plaintiff overtime wages she was owed under the FLSA.

50. Keller is partially or totally responsible for paying Plaintiff's wages.

51. Keller must be considered one of Plaintiff's employers, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

8 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## COUNT I
## OVERTIME VIOLATION BY GOD'S VIP
## UNDER THE FAIR LABOR STANDARDS ACT

52. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 45 above as if fully set forth herein.

53. As part of its business, God's VIP purchased goods and materials that traveled through interstate commerce.

54. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

55. Upon information and belief, God's VIP obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

56. God's VIP, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

57. God's VIP is a business "…engaged in the operation of…an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution…" and will be a covered entity subject to the federal statute's wage & hour provisions, including overtime pay requirements. *See* 29 U.S.C. § 203(s)(1)(B).

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

58. During her employment with God's VIP, Plaintiff worked overtime hours for which she was not compensated at a rate of no less than time-and-a-half her regularly rate of pay as required by the FLSA.

59. God's VIP did not compensate Plaintiff for her overtime despite knowledge of the overtime hours Plaintiff worked.

60. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

61. In addition, God's VIP is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

   a. Enter judgment for Plaintiff against God's VIP under the FLSA;
   b. Award Plaintiff actual damages for the unpaid wages;
   c. Award Plaintiff liquidated damages;
   d. Award Plaintiff her attorneys' fees and costs;
   e. Award Plaintiff all recoverable interest; and
   f. Award any other relief this Honorable Court deems just and proper.

### COUNT II
### OVERTIME VIOLATIONS AGAINST VIP CARE UNDER
### THE FAIR LABOR STANDARDS ACT

62. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 45 above as if fully set forth herein.

10 | Page

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

63. As part of its business, VIP Care purchased goods and materials that traveled through interstate commerce.

64. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

65. Upon information and belief, VIP Care obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

66. VIP Care, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

67. VIP Care is a business "…engaged in the operation of…an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution…" and will be a covered entity subject to the federal statute's wage & hour provisions, including overtime pay requirements. *See* 29 U.S.C. § 203(s)(1)(B).

68. During her employment with VIP Care, Plaintiff worked overtime hours for which she was not compensated at a rate of no less than time-and-a-half her regularly rate of pay as required by the FLSA.

11 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

69. VIP Care did not compensate Plaintiff for her overtime despite knowledge of the overtime hours Plaintiff worked.

70. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

71. In addition, VIP Care is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Enter judgment for Plaintiff against VIP Care under the FLSA;

    b. Award Plaintiff actual damages for the unpaid wages;

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff her attorneys' fees and costs;

    e. Award Plaintiff all recoverable interest; and

    f. Award any other relief this Honorable Court deems just and proper.

**COUNT III**
**OVERTIME VIOLATIONS AGAINST VIP SENIOR LIVING UNDER THE FAIR LABOR STANDARDS ACT**

72. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 45 above as if fully set forth herein.

73. As part of its business, VIP Senior Living purchased goods and materials that traveled through interstate commerce.

12 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

74. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

75. Upon information and belief, VIP Senior Living obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

76. VIP Senior Living, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

77. VIP Senior Living is a business "…engaged in the operation of…an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution…" and will be a covered entity subject to the federal statute's wage & hour provisions, including overtime pay requirements. *See* 29 U.S.C. § 203(s)(1)(B).

78. During her employment with VIP Senior Living, Plaintiff worked overtime hours for which she was not compensated at a rate of no less than time-and-a-half her regularly rate of pay as required by the FLSA.

79. VIP Senior Living did not compensate Plaintiff for her overtime despite knowledge of the overtime hours Plaintiff worked.

13 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

80. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

81. In addition, VIP Senior Living is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against VIP Senior Living under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff her attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

### COUNT IV
### OVERTIME VIOLATIONS AGAINST MACKENZIE KELLER UNDER THE FAIR LABOR STANDARDS ACT

82. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 51 above as if fully set forth herein.

83. Keller operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records

14 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

for work hours, and was partially or totally responsible for paying Plaintiff's wages.

84. Keller scrutinized Plaintiff's work and controlled how Plaintiff did her job.

85. During Plaintiff's employment with Defendants, Plaintiff consistently worked for Defendants over 40 hours per week.

86. During her employment with Defendants, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

87. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

88. Keller did not compensate Plaintiff for her overtime despite her knowledge of the overtime hours Plaintiff worked.

89. Keller is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Keller under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff her attorneys' fees and costs;

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

  e. Award Plaintiff all recoverable interest; and

  f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated:  July 9, 2020

        Respectfully submitted,

        By: **_/s/ Brody M. Shulman_**
        Brody M. Shulman, Esq.
        Florida Bar No. 92044
        brody@pba-law.com

        **PERERA BARNHART ALEMAN, P.A.**
        300 Sevilla Avenue, Suite 206
        Coral Gables, Florida 33134
        Telephone: 786-485-5232

        Kevin P. Ackerman, Esq.
        Florida Bar No. 115385
        kevin@ackermanfirm.com

        **The Ackerman Law Firm, P.A.**
        80 S.W. 8th Street Suite 2000
        Miami, Florida 33130

        *Counsel for Plaintiff*

16 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232