# SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE (this "Settlement Agreement") is entered into by and among VIP CARE PAVILLION, LLC, VIP SENIOR LIVING LLC, and MACKENZIE KELLER, individually, including their past and present principals, the past owner(s) of any facilities which are now operated by VIP CARE and VIP SENIOR and where LANDU claims to have worked, predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, attorneys, insurers and agents, heirs, executors, administrators, representatives, attorneys, agents, insurers, successors, and assigns (collectively "Defendants"), and KIBAKA LANDU ("Landu" or "Plaintiff"), including her heirs, executors, administrators, representatives, attorneys, agents, insurers, successors, and assigns (collectively "Landu" or "Plaintiff") (Defendants and Plaintiff may be collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully, completely, and all claims pending, or that could have been brought by the Plaintiff. The Parties agree as follows:

WHEREAS, Plaintiff's Complaint, filed pursuant to the FLSA against Defendants, which is now pending in the Southern District of Florida, entitled *Kibaka Landu v. God's VIP Senior Haven, LTD. et. al.*, Civil Action No. 20-cv-61380-RS (the "Lawsuit");

WHEREAS, Defendants deny any and all wrongdoing and liability to Plaintiff whatsoever in connection to the Lawsuit, and denied and continue to deny each and all of the claims asserted by Plaintiff in the Lawsuit;

WHEREAS, the Parties desire to fully and finally compromise and settle all claims within the Lawsuit which is now pending between them, or that could have been brought by the Plaintiff; and

WHEREAS, the Defendants shall provide Plaintiff with the consideration set forth in this Agreement in exchange for Plaintiff's dismissal of the Lawsuit with prejudice, and Plaintiff's execution of and compliance with this Agreement.

1. **Mutual General Release.**

    (a) **Plaintiff's General Release of Defendants.** Plaintiff, including her heirs, executors, administrators, representatives, agents, insurers, successors and assigns hereby unconditionally release, acquit and forever absolutely discharge Defendants, its past and present principals, predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, insurers and agents, administrators and representatives, from any and all actions, causes of action, claims, debts, disabilities, accounts, demands, damages, claims for indemnification or contributions, costs, expenses or fees whatsoever, whether known or unknown, certain or speculative, asserted or unasserted, which the Releasing Parties have, may have, or may have had against the Defendants from the beginning of the world until the day of this release. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

- Title VII of the 1964 Civil Rights Act;
- The Civil Rights Act of 1991;

- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Equal Pay Act;
- The Fair Labor Standards Act ("FLSA");
- The Employee Retirement Income Security Act (ERISA);
- The Americans with Disabilities Act of 1990;
- The Rehabilitation Act of 1973;
- The Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986;
- The Occupational Safety and Health Act;
- Chapter 760, Florida Statutes;
- The Florida Private Whistle-blower's Act of 1991;
- Chapter 11A of the Miami-Dade County Code;
- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof;
- Any claims arising under any other federal, state or local statute or act, ordinance, regulation, custom, rule or policy;
- Claims for breach of a contract, implied contract, or *quantum meruit*, or any cause of action or claim for tort damages, negligence or personal injury by, between, or among the Parties; and
- Claims under any instruments, agreements, or documents entered into by, between, or among the Parties.

(b)     **Defendants' General Release of Plaintiff.** Defendants, including their past and present principals, predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, insurers and agents, administrators and representatives, hereby unconditionally release, acquit and forever absolutely discharge Plaintiff and their heirs, executors, administrators, representatives, agents, insurers, successors and assigns, from any and all actions, causes of action, claims, debts, disabilities, accounts, demands, damages, claims for indemnification or contributions, costs, expenses or fees whatsoever, whether known or unknown, certain or speculative, asserted or unasserted, which the Defendants have, may have, or may have had against the Plaintiff from the beginning of the world until the day of this release.

2.      **Settlement Amount and Attorney's Fees**.  In consideration of the mutual promises exchanged herein, Defendants, jointly and severally, shall pay the total sum of Eight Thousand Two-Hundred and Fifty Dollars and 00/100 Cents ($8,250.00) (the "Settlement Funds"). All settlement checks will be delivered to Perera Barnhart Aleman, 12401 Orange Drive, Suite 123 Davie, Florida 33330. The breakdown, and payment plan, of the Settlement Funds is as follows:

2

- Kibaka Landu will receive a total of Three Thousand Five-Hundred Dollars and 00/100 Cents ($3,500.00) in full and final satisfaction of any all claims Landu has or may have, known or unknown, for unpaid wages. The sum is apportioned as $1,750.00 for any wages and backpay owed, and $1,750.00 as any and all liquidated damages and other damages owed.

- Perera Barnhart Aleman, P.A. (Federal Tax ID No. 81-4723754) and The Ackerman Law Firm, P.A. (Federal Tax ID No. 47-4079638 will receive a total of Four Thousand Seven Hundred and Fifty Dollars and 00/100 Cents ($4,750.00) with no tax deductions, as full and final settlement of its reduced attorneys' fees and costs (costs totaling $624.05).

- The Payment Plan for the above Settlement Funds is as follows:

    o Within fifteen (15) calendar days of the Court approving and dismissing the Lawsuit, Defendants shall deliver a check to the trust account of Perera Barnhart Aleman in the amount of $1,895.04. This will be considered the "**First Payment**";

    o Within thirty (30) calendar days of the First Payment, Defendants shall deliver a check to the trust account of Perera Barnhart Aleman in the amount of $1,271.00. This will be considered the "**Second Payment**";

    o Within thirty (30) calendar days of the Second Payment, Defendants shall deliver a check to the trust account of Perera Barnhart Aleman in the amount of $1,270.99. This will be considered the "**Third Payment**";

    o Within thirty (30) calendar days of the Third Payment, Defendants shall deliver a check to the trust account of Perera Barnhart Aleman in the amount of $1,270.99. This will be considered the "**Fourth Payment**";

    o Within thirty (30) calendar days of the Fourth Payment, Defendants shall deliver a check to the trust account of Perera Barnhart Aleman in the amount of $1,270.99. This will be considered the "**Fifth Payment**";

    o Within thirty (30) calendar days of the Fifth Payment, Defendants shall deliver a check to the trust account of Perera Barnhart Aleman in the amount of $1,270.99. This will be considered the "**Final Payment**";

If Defendants fail to make any of payments described above by the due date, Perera Barnhart Aleman will notify the Defendants' representative (Isaac Mamane, Esquire and Ryan Clancy, Esquire) by e-mail at mamane@gmail.com and ryan@business-esq.com and request a cure of this defect.

Defendants shall thereafter have five (5) business days from the date of the notice to cure the defect (the "Cure Period"). If the defect is not cured within the Cure Period, the full remaining balance of all amounts owed under this Agreement, less any prior payments made, shall become immediately due and owing to the Plaintiff along with any attorneys' fees and costs incurred regarding or relating to the default/curing. Plaintiff shall have the right to immediately file suit or petition the court presiding over the Lawsuit to enter final judgment in favor of Plaintiff, and Defendants, jointly and severally, agree to entry of Judgment in Plaintiff's favor (i) in an amount equal to the total amount due, less any payments made, (ii) interest (at the applicable State of Florida interest rate in effect) from the date of execution of the Agreement, and (iii) reasonable attorneys' fees and costs associated with the entry of such judgment.

In the event that Plaintiff or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action. Each Defendant agrees that it/she is jointly and severally liable for any costs and/or fees that become due.

3. **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, owners, attorneys, employees, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages and/or other compensation, including, without limitation, Plaintiff, the IRS, Department of Revenue or any other person, except as to any tax withholdings that Defendants could be found legally liable for Plaintiff with regards to Plaintiff's entire employment period with the Defendants, if any. However, Plaintiff does not agree to be held liable for any tax withholdings or other taxes that Defendants were legally obligated to pay for Plaintiff's entire employment period, if any.

4. **Attorneys Not Tax Experts.** The Parties acknowledge that the attorneys involved in this Settlement Agreement or the Litigation do not claim to be an expert in tax matters. The Parties further acknowledge and agree that they have neither received nor relied on any tax advice or information from any attorney involved in this Settlement Agreement or the Litigation or in negotiating of this Settlement Agreement.

4

5. **No Other Consideration.** The Parties acknowledge and agree that no consideration other than as provided for by this Agreement has been or will be paid or furnished by the other.

6. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA and expressly deny any and all such liability.

7. **Mutual Non-Disparaging Remarks**. The Parties agree that they will not disparage, defame, or otherwise say anything negative about each other, by written or oral word, gesture, or any other means, including social media, nor will they make any disparaging or negative comments about each other, to any person or entity.

8. **Neutral Reference**: . In the event that a prospective employer requests a reference for Plaintiff, the parties agree that Defendants will only provide dates of work, position(s) held, and/or rates of pay and will not make any reference to any claim, lawsuit, nor to the resolution thereof.

9. **Mutual Representation by the Parties.** The Parties represent that, as of the date that this Agreement is executed, they are not aware of any additional claims that they may have against any of the Released Parties and hereby the Parties certify that they have not filed any claim (except the Litigation released herein), and do not intend to file any claims, demands, liabilities, and causes of action against any of the Released Parties for actions that occurred prior to the date of this Agreement, related to their employment, and/or involving Plaintiff's employment, other than claims to enforce this Agreement.

10. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

11. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

12. **Severability.**  In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

13. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter.  No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.  There shall be no oral modifications to this Agreement.

14. **Enforcement**. In the event any action is commenced to enforce said settlement agreement or for a proven breach of this Agreement, the prevailing party shall be entitled to reasonable fees and costs.

15. **Voluntariness.** The Parties certify that they have fully read, negotiated, and completely understand the provisions of this Agreement, that each Party has been advised by the other to consult with an attorney before signing the Agreement, and that each Party is signing freely and voluntarily, and without duress, coercion, or undue influence. The Parties each acknowledge that she/she/it are entering into this Agreement freely and voluntarily and with complete understanding of all the rights she/she/it is waiving in this Agreement and of the irrevocable nature of same. Plaintiff and Defendants acknowledge that they have consulted with counsel of their own choosing before executing this Settlement Agreement.

16. **Counterparts**:  This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions, electronic signatures, and/or copies of the signature block shall be deemed enforceable.

17. **Construction**.  Plaintiff and Defendants have jointly participated in the negotiation of this Agreement and this Agreement is the product of joint draftsmanship by the Parties.  In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

18. **Headings**. The Parties agree that the headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

19. **Cooperation**. The Parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

_____
**KIBAKA LANDU**

**Date:** _____

**VIP CARE PAVILLION, LLC**
**By:** _____
**Name:**
**Title:**
**Date:** _____

**VIP SENIOR LIVING LLC**
**By:** _____
**Name:**
**Title:**
**Date:** _____


**By:** _____
**MACKENZIE KELLER**
**Date:** _____