UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61380-RS

KIBAKA LANDU,

    Plaintiff,

vs.

GOD'S VIP SENIOR HAVEN, LTD,
VIP CARE PAVILLION, LLC.
VIP SENIOR LIVING LLC, and
MACKENZIE KELLER, individually,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF PARTIES'
SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

    Plaintiff and Defendants, by and through their undersigned counsel, hereby file this Joint Motion for Approval of the Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

    1.    Plaintiff and Defendants reached an amicable resolution in this matter, a copy of the parties settlement agreement has been emailed to chambers for review and approval.

    2.    Plaintiff filed her complaint [DE 1] under the Fair Labor Standards Act (FLSA) whereby Plaintiff alleged she was not properly paid their overtime wages.

    3.    Defendants dispute Plaintiff's allegations and contend that Plaintiff was correctly paid all of her wages.

    4.    Defendants have agreed to resolve this case for the said amounts to minimize accumulation of additional costs and fees defending this matter. Likewise, the Plaintiff recognizes the risks and additional expenses involved in continuing litigation of this matter and

agreed to resolve her case for less than her claim. Plaintiff's counsels have also reduced their fee in order to resolve this matter.

### Memorandum of Law

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

In *Lynn's Food Stores, Inc.,* the employer attempted to circumvent the Department of Labor (DOL) findings as to the amount of back wages and liquidated damages owed to employees. After failing to reach a settlement, the employer attempted to offer employees a total of $1,000 to be divided among them on a pro rata basis. Fourteen employees accepted their pro rata share even though the total amount of damages exceeded $10,000. *Lynn's Food Stores, Inc.* at 1352. In coaxing the employees to accept their pro rata share of $1,000, the employer "representative repeatedly insinuated that the employees were not really entitled to any back wages, much less the amounts calculated by the Department of Labor" and stated ""Honestly, most everyone returned the checks…"" and only the malcontents would accept wages under the FLSA. *Lynn's Food Stores, Inc.* at 1354.

The Eleventh Circuit went on to state that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be

represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores, Inc.* at 1354. Therefore, the Eleventh Circuit reasoned, that when a party is represented by counsel it is likely that there is a reasonable compromise and the agreement should be approved.

> Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

Here, Plaintiff claims she was paid overtime wages for some, but not all, of her hours. Defendants contest Plaintiff's claims and maintains that its time records accurately reflect the hours that Plaintiff worked, and Plaintiff was correctly paid for all wages. However, in order to avoid the uncertainties of litigation, Defendants made an economic business decision to amicably resolve this matter. Thus, there is a bona fide dispute as to whether the Plaintiff is owed any wages. Therefore, "in order to promote the policy of encouraging settlement of litigation" the parties request that the Court approve the Parties' settlement agreement.

It is the Parties' contention that in light of the issues in dispute, the amount received by Plaintiff in this settlement is a fair and reasonable settlement and should be approved by this Court. Had the case gone forward, it is possible that Plaintiff could have received far less, or nothing at all, and therefore are receiving more pursuant to the settlement agreement. Furthermore, pursuant Fed. R. Civ. Proc. 41(a)(1)(ii) the parties have submitted a proposed text of the order approving settlement and dismissal with prejudice with the Court retaining jurisdiction to enforce the agreement, and agree each party shall bear its own costs and attorney's fees, except as otherwise stated in the Settlement Agreement.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement; (2) dismissing this action with prejudice against Defendants; (3) and the Court retaining jurisdiction to enforce the terms of the settlement agreement.

Respectfully Submitted,

Dated: October 14, 2021

| | |
|---|---|
| /s/ ANGELI MURTHY | /s/ ISAAC MAMANE |
| Angeli Murthy, Esq., B.C.S. | Isaac Mamane, Esq. |
| FL Bar No.: 088758 | FL Bar No.: 44561 |
| MORGAN & MORGAN, P.A. | MAMANE LAW LLC |
| 8151 Peters Rd. 4th Floor | 10800 Biscayne Blvd., Suite 650 |
| Plantation, FL 33324 | Miami, FL 33161 |
| Tel: 954-318-0268 | Tel: 305-773-6661 |
| Fax: 954-327-3016 | Email: mamane@gmail.com |
| E-mail: Amurthy@forthepeople.com | *Trial Counsel for Defendants* |
| *Trial Counsel for Plaintiff* | |