UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61380-SMITH/VALLE

KIBAKA LANDU,[1]

    Plaintiff,

v.

GOD'S VIP SENIOR HAVEN, LTD,
*et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon the Joint Motion for Approval of Parties' Settlement and Dismissal with Prejudice (ECF No. 43) (the "Motion"). U.S. District Judge Rodney Smith has referred this matter to the undersigned "for appropriate resolution." (ECF No. 35).[2]

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the minimum wage and statutory overtime provisions. (ECF No. 1); *see* 29 U.S.C. § 201 *et seq.* On August 18, 2020, Plaintiff filed an initial Notice of Settlement indicating that the

---

[1] Plaintiff indicates that her name is improperly listed in the case caption and pleadings because her name is Landu Kibaka, not "Kibaka Landu." (ECF No. 28 at 1 n.1). Plaintiff, however, has not requested to modify the case caption or otherwise correct the filings.

[2] The initial referral was for Defendant's Motion to Enforce the Settlement Agreement (ECF No. 24) and related motions. *See* (ECF No. 35). Because the current Motion is related to the prior efforts to settle this matter, it falls within the undersigned's jurisdiction to determine and make a recommendation on whether any settlement in this matter is 'a fair and reasonable resolution of a bona fide dispute'" pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

parties had reached a resolution in this matter. *See* (ECF No. 19) (the "Notice of Settlement"). Despite the Notice of Settlement, the parties thereafter disagreed on whether they had, in fact, reached a settlement of all the claims in this case. *See, e.g.*, (ECF No. 24) (Defendant's Motion to Enforce the Settlement Agreement, Motion for Approval of Settlement Agreement, and Dismissal with Prejudice, hereafter "Defendant's Motion to Enforce the Settlement Agreement"); (ECF No. 28) (Plaintiff's Opposition to Defendant's Motion to Enforce Settlement Agreement); (ECF No. 29) (Defendant's Reply to its Motion to Enforce the Settlement Agreement). Indeed, the undersigned tentatively scheduled an evidentiary hearing in August 2021 on Defendant's Motion to Enforce the Settlement Agreement. *See* (ECF No. 38). Upon Plaintiff's unopposed motion, the evidentiary hearing, was continued to allow the parties an opportunity to resolve the matter without further Court intervention. (ECF Nos. 40, 41). On October 14, 2021, the instant Motion followed.

      Before the Court can dismiss this case and approve a settlement of the FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores,* 679 F.2d at 1355. In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. S. Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute,

the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Here, the parties have filed the Settlement Agreement and Mutual General Release (ECF No. 43-1) (the "Settlement Agreement"). The Court has scrutinized the terms of the Settlement Agreement and considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation. The Court also considered that Plaintiff's claims were disputed as to liability and amount and that all parties were represented by counsel. Lastly, the Settlement Agreement specifies the portion of the settlement amount to be paid to Plaintiff and confirms that all counsel have waived their entitlement to attorney's fees and costs. (ECF No. 43-1 ¶ 2).[3] Accordingly, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* FLSA dispute.

## **RECOMMENDATION**

Accordingly, for the reasons set forth above, the undersigned respectfully recommends that:

(i) the Joint Motion for Approval of Parties' Settlement and Dismissal with Prejudice (ECF No. 43) be **GRANTED** and the Settlement Agreement be **APPROVED**;

(ii) the case be **DISMISSED WITH PREJUDICE**;

(iii) the District Court retain jurisdiction to enforce the terms of the Settlement Agreement for 30 days from the date of its Order on the Motion for Approval of Parties' Settlement and Dismissal with Prejudice.

---

[3] More specifically, prior counsel has waived their lien for attorney's fees and costs and current counsel is representing Plaintiff on a pro bono basis. (ECF No. 43-1 ¶ 2).

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on December 13, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
All Counsel of Record